JOHNSON *v.* FULTON COUNTY HOME BUILDERS *et al.*

HILL, J. A debtor in his lifetime executed two deeds to certain realty to secure debts due to two creditors. He died leaving the debts unpaid. The realty was alleged to be worth more than the amount of the debts. He left a tenant in possession of the realty, whose term had not expired; and left, as one of his heirs at law, a son who was collecting the rents from the tenant. Application for administration on the debtor's estate was made by the son, and a caveat was filed by the junior creditor. Pending the determination of the appointment of an administrator, the junior creditor brought an equitable petition against the tenant in possession and the son just referred to, praying that a receiver be appointed to take charge of the real estate, "with such instructions and upon such terms as to bonds, reports, etc., as to this court seems fit and proper to be done." · It was not alleged that either of the defendants was insolvent, and from the evidence on the hearing it affirmatively appeared that the heir at law who was collecting the rents was solvent. The court passed an order· appointing a receiver, and ordering the property to be sold subject to all prior deeds and liens against it, subject to confirmation by the court, and the proceeds of the sale to be held subject to the order of the court. *Held,* that this was error. The estate of the deceased debtor should have been represented before ·the court, in order to ascertain the amount due under the security deed given to the plaintiff by him, regardless of the question whether or not the senior creditor was also a necessary party. The court could not legally make a decree in effect against the estate of the decedent without his administrator being a party., And this is so notwithstanding a provision in the security deed to the effect that "the party of the second part [the plaintiff creditor] shall be entitled to receive from the judge of the superior court, upon application setting up the amount due to the said party of the second part, properly verified by affidavit, without issuance of a rule nisi, a receiver, and an order directing such receiver to sell the above-described property to the highest bidder for cash before the court-house door of said county, and such receiver shall sell said property subject to all liens against the same and shall credit the proceeds of said sale upon the amount due to the party of the second part, after having paid the cost of this proceeding."

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
NOVEMBER 13, 1914.

Receivership. Before Judge C. S. Reid. Fulton superior court. March 31, 1914.

*Alfred C. Broom,* for plaintiff in error.